# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 3, 2013 Session

## CRISTY IRENE FAIR v. STEPHEN LYNN COCHRAN

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Circuit Court for Knox County**
**No. 162409     Dale C. Workman, Judge**

---

**No. E2011-00831-SC-R11-CV - Filed September 12, 2013**

---

We granted this appeal to determine whether the return of proof of service of process 412 days after issuance of a summons precludes a plaintiff from relying upon the original commencement of the lawsuit to toll the running of the statute of limitations. We hold that the plain language of Tennessee Rules of Civil Procedure 3 and 4.03 does not condition the effectiveness of the original commencement to toll the statute of limitations upon the prompt return of proof of service. We reverse the judgment of the Court of Appeals affirming the trial court's dismissal of the plaintiff's lawsuit. We remand this case to the trial court to determine whether service of process occurred within ninety days of issuance of the summons. If so, the plaintiff may rely upon the original commencement of the lawsuit to toll the statute of limitations.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgments of the Court of Appeals and Circuit Court Reversed;**
**Case Remanded to the Circuit Court**

CORNELIA A. CLARK, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., WILLIAM C. KOCH JR., and SHARON G. LEE, JJ., joined. JANICE M. HOLDER, J., filed a concurring opinion.

H. Anthony Duncan, Nashville, Tennessee, and Michael Stanley Farley, Clinton, Tennessee, for the appellant, Cristy Irene Fair.

Terrill Lee Adkins, Knoxville, Tennessee, for the appellee, Stephen Lynn Cochran.

# OPINION

## I. Facts and Procedural History

Cristy Irene Fair and Stephen Lynn Cochran were involved in an automobile accident on August 6, 2009. On December 11, 2009, Ms. Fair filed suit against Mr. Cochran in the Circuit Court for Knox County alleging that Mr. Cochran was negligent in the operation of his vehicle. A summons was also issued on December 11, 2009.

On January 4, 2011, Mr. Cochran filed a motion to dismiss based upon the expiration of the one-year statute of limitations. Mr. Cochran acknowledged that he had been involved in a motor vehicle accident on August 6, 2009, and that he resided at 9833 Chestnut Ridge Road, Heiskell, Tennessee, but he stated that he had not been served with a summons or a complaint in the lawsuit. He also stated that no return of proof of service of process had been filed with the Clerk of the Circuit Court for Knox County. Relying upon Tennessee Rule of Civil Procedure 3, Mr. Cochran argued that, because Ms. Fair had failed either to serve him or to reissue process within one year of issuance of the original summons, she could not rely upon the filing of the complaint to establish commencement for purposes of tolling the statute of limitations. Mr. Cochran asked the trial court to dismiss the lawsuit with prejudice.

In her response to the motion, filed January 27, 2011, Ms. Fair stated that she had hired a private process server, Michelle Houser, who personally served Mr. Cochran with a copy of the summons and complaint on December 20, 2009. In support of her response, Ms. Fair submitted the affidavit of Ms. Houser, who stated that she personally served a person identifying himself as Stephen Cochran at a residence located at 9833 Chestnut Ridge Road in Heiskell, Tennessee, on December 20, 2009. Ms. Houser explained that she had inadvertently failed to "make proof of service of the original Summons and return it to the Court" because the office of Ms. Fair's counsel was closed the week following the service of process.[1]

Ms. Fair further stated that a legal assistant for plaintiff's counsel, Kelly Davis, faxed a copy of the complaint and summons to defendant's insurance carrier on January 14, 2010. In Ms. Davis's affidavit, submitted along with Ms. Fair's response, Ms. Davis stated that, on January 14, 2010, at the request of Felicia Henshaw, an employee of Progressive Insurance, she faxed a copy of the complaint that was served upon Mr. Cochran to Progressive Insurance.

---

[1] A summons was filed as a return of proof of service on January 27, 2011, shortly after Ms. Fair received notice of the failure to return proof of service. The summons is not part of the record on appeal.

On January 28, 2011, Mr. Cochran filed a reply to Ms. Fair's response. He argued that the language of Tennessee Rule of Civil Procedure 4.03 should be interpreted as requiring the return of proof of service within ninety days of the issuance of a summons. Mr. Cochran again requested dismissal of the lawsuit, contending that the return of proof of service 412 days after issuance of the summons violated Rule 4.03 and precluded Ms. Fair from relying upon the filing of the complaint to establish commencement effective to toll the statute of limitations.

On March 22, 2011, the trial court granted Mr. Cochran's motion to dismiss. The trial court's order states only that the summons was issued on December 11, 2009, but was not returned until 412 days later. The order does not address whether Mr. Cochran was served, nor does it otherwise explain the legal grounds compelling dismissal.[2]

Ms. Fair appealed, and a divided Court of Appeals affirmed the dismissal.[3] Fair v. Cochran, No. E2011-00831-COA-R3-CV, 2012 WL 1071142, at *1 (Tenn. Ct. App. Mar. 30, 2012). We granted Ms. Fair permission to appeal.

## II. Standard of Review

The issue in this appeal requires us to interpret Tennessee Rules of Civil Procedure 3 and 4.03. Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness. Lacy v. Cox, 152 S.W.3d 480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. Thomas v. Oldfield, 279 S.W.3d 259, 261 (Tenn. 2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule. See Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. Garrison v. Bickford, 377 S.W.3d 659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. See Waldschmidt v. Reassure Am. Life Ins. Co., 271 S.W.3d 173, 176 (Tenn. 2008).

---

[2] The record on appeal does not contain a transcript of the hearing on the motion to dismiss. The factual summary in this opinion is derived from the agreed statement of evidence the parties presented as well as the technical record containing the pleadings filed in the trial court.

[3] Judge Charles D. Susano, Jr., filed a dissenting opinion. Fair v. Cochran, No. E2011-00831-COA-R3-CV, 2012 WL 1071142, at *5 (Tenn. Ct. App. Mar. 30, 2012) (Susano, J., dissenting).

## III. Analysis

The only issue in this appeal is whether the return of proof of service of process 412 days after the issuance of a summons precludes Ms. Fair from relying upon the original commencement of the lawsuit to toll the statute of limitations.[4] To answer this question, we need only consult the plain language of Tennessee Rules of Civil Procedure 3 and 4.03(1). Regarding commencement of an action, Rule 3 states: "All civil actions are <u>commenced</u> by filing a complaint with the clerk of the court. An action is <u>commenced</u> within the meaning of any statute of limitations upon such filing of a complaint, <u>whether process be issued or not issued and whether process be returned served or unserved.</u>" (Emphasis added.) Rule 3 thus clearly identifies the filing of the complaint as the event that commences a civil action.

Another portion of Rule 3 addresses whether a plaintiff may, or may not, rely upon the original commencement, i.e. the filing of the complaint, to toll a statute of limitations.

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3. Where process has issued, Rule 3 unambiguously instructs that the effectiveness of the original commencement to toll the running of a statute of limitations depends initially upon whether process is served within ninety days of issuance. If process is not served within ninety days of issuance, a plaintiff cannot rely upon the original commencement to toll the statute of limitations <u>unless</u> the plaintiff obtains issuance of new process within one year of issuance of the previous process. Tenn. R. Civ. P. 3. Conspicuously absent from Rule 3 is any language indicating that the prompt return of proof of service of process is necessary to render commencement effective to toll the statute of limitations. In this respect, the current version of Rule 3 differs substantially from the pre-1998 version of the rule, which defined commencement as the "filing of a complaint with the Court," but provided that commencement was ineffective to toll a statute of limitations if process was "not served <u>or not returned within 30 days from issuance,</u> regardless of the reason." (Emphasis added.) Unlike the pre-1998 version of Rule 3, the plain language of the current version of Rule 3 does not link the effectiveness of the original commencement

---

[4] The trial court did not determine whether Mr. Cochran was actually served with process, and this issue is not before us.

to toll a statute of limitations to the return of proof of service of process. See Tenn. R. Civ. P. 3 advisory commission cmt. (1998) ("The amendment . . . removes the former eventuality of failure to return process within 30 days.").

Despite the clarity of Rule 3, Mr. Cochran relies upon Tennessee Rule of Civil Procedure 4.03(1) to support his argument that the 412-day delay between issuance of process and the return of proof of service required dismissal. Mr. Cochran's reliance on this rule is misplaced. Rule 4.03(1) states:

> [t]he person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been returned unserved or if any prior summons has not been served within 90 days of issuance.

Tenn. R. Civ. P. 4.03(1). Although Rule 4.03 directs a person serving a summons to "promptly make proof of service to the court," the rule does not define "promptly" by reference to a specific time period. In this respect, the current version of Rule 4.03 differs from the pre-1998 version of the rule, which essentially equated "promptly" with thirty days, by requiring the return to be made "within the time during which the person served must respond." See Tenn. R. Civ. P. 4.03 advisory commission cmt. (1998) ("The amendment . . . removes the former requirement that a return must be made within the time during which the person served must respond."); see Tenn. R. Civ. P. 12.01 ("A defendant shall serve an answer within 30 days after the service of the summons and complaint upon the defendant.").

It is true that Rule 4.03 describes the manner of making a return if a summons is *unserved* or *not served* within ninety days, but no portion of Rule 4.03 mandates filing the return of proof of service within ninety days, although Mr. Cochran suggests this reading of the rule. Additionally, Rule 4.03(1) does not state that promptly returning proof of service to the court is necessary to accomplish service. To the contrary, "[t]he return of service is 'a written account of the actions taken by the person making service to show to whom and how the service was made, or the reason service was not made.'" Watson v. Garza, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (quoting 3 Nancy Fraas MacLean, Tennessee Practice Series–Rules of Civil Procedure Annotated § 4:15 (4th ed. 2008)). The return is a means to prove that service of process has actually been accomplished. See Royal Clothing Co. v. Holloway, 347 S.W.2d 491, 492 (Tenn. 1961); Brake v. Kelly, 226 S.W.2d 1008, 1011

(Tenn. 1950). When a dispute arises as to whether service of process has been accomplished, a trial court may properly consider any delay in filing the return when weighing the evidence and resolving the dispute. However, no language in Rule 4.03(a) states or implies that the failure to return proof of service promptly renders commencement ineffective to toll the statute of limitations. So long as service of process is accomplished within ninety days of issuance of a summons, or new process is issued within one year of issuance of the previous process, a plaintiff may rely upon the original commencement to toll the statute of limitations. Tenn. R. Civ. P. 3.[5]

Applying these principles, we conclude that, although not promptly made, the return of proof of service 412 days after issuance of process does not preclude Ms. Fair from relying upon the original commencement of the action to toll the statute of limitations. Whether Mr. Cochran was served within ninety days of December 11, 2009, the date of commencement and issuance of the summons, is a question the trial court did not determine. Thus, we remand to the trial court to answer this question. If Ms. Fair establishes that Mr. Cochran was served within ninety days of December 11, 2009, then her lawsuit is not barred by the statute of limitations and may proceed.

### IV. Conclusion

We hold that Ms. Fair's return of proof of service of process 412 days after the issuance of a summons does not render commencement of her action ineffective for purposes of tolling the statute of limitations. We reverse the judgment of the trial court granting Mr. Cochran's motion to dismiss. We remand this case to the trial court to determine whether process was served within ninety days of December 11, 2009, and to conduct any additional proceedings that may be necessary thereafter. Costs of this appeal are taxed to Stephen Lynn Cochran, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE

_____

[5] By no means should our interpretation of Rules 3 and 4.03(1) be viewed as an endorsement of delaying the return of proof of service of process. As this appeal illustrates, such delay may generate needless collateral litigation, and we are unable to conceive of any strategic advantage to be gained from delaying the return of proof of service of process.