IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
February 25, 2015 Session


**HENRIETTE M. FISHER v. CHANDRANITA M. ANKTON**

**Appeal from the Circuit Court for Shelby County**
**No. CT00259312     James F. Russell, Judge**

––––––––––––––––––––––––––

**No. W2014-00882-COA-R3-CV – Filed May 5, 2015**

––––––––––––––––––––––––––


Plaintiff filed suit against defendant alleging negligence resulting in an automobile accident. Plaintiff procured issuance of multiple summonses, but did not return the final summons within ninety days after its issuance. Defendant filed a motion to dismiss asserting insufficiency of process, insufficiency of service of process, and expiration of the statute of limitations. The trial court granted defendant's motion and concluded that Tennessee Rules of Civil Procedure 3 and 4.03 required dismissal when a plaintiff failed to file a return of proof of service within ninety days. Based on this finding, the trial court also concluded that plaintiff had intentionally delayed service. We reverse in part, vacate in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in Part; Vacated in Part; and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Rachael E. Putnam, Memphis, Tennessee, for the appellant, Henriette M. Fisher.

William M. Jeter, Memphis, Tennessee, for the appellee, Chandranita M. Ankton.


**OPINION**

## Facts

### *Complaint and Attempts to Serve*

On June 13, 2012, Henriette M. Fisher filed a complaint in the Circuit Court of Shelby County against Chandranita M. Ankton. In her complaint, Ms. Fisher alleged that Ms. Ankton negligently operated her vehicle, causing it to collide with Ms. Fisher's vehicle and resulting in physical injuries to Ms. Fisher. At the time she filed her complaint, Ms. Fisher had a summons issued by the clerk ("First Summons").[1] The First Summons was directed to Ms. Ankton at her alleged place of residence of 2153 West River Trace Drive, Apartment 5, Memphis, TN 38134. Ms. Fisher retained a private process server, Donald Busby, who unsuccessfully attempted on five occasions to serve Ms. Ankton with the First Summons. The parties do not dispute that service of the First Summons was unsuccessful.

On October 1, 2012, Ms. Fisher obtained issuance of a second summons ("Second Summons") from the clerk to be served at a different address via certified mail to 131 Leonard Lane, Holly Springs, MS 38635. On October 7, 2012, the Second Summons was returned to counsel for Ms. Fisher with the notation that it was "not deliverable as addressed."

On October 30, 2012, Ms. Fisher procured issuance of a third summons ("Third Summons") from the clerk. The Third Summons was addressed to Ms. Ankton's employer, believed by Ms. Fisher to be the Internal Revenue Service ("IRS") located at 22 North Front Street, Memphis, TN 38103. A private process server, James Finney, attempted to serve Ms. Ankton personally at the IRS building at 22 North Front Street, on two occasions: October 31, 2012 at 4:02 p.m. and November 3, 2012 at 3:13 p.m. In addition to attempting service at Ms. Ankton's alleged place of employment, Mr. Finney also attempted on November 3, 2012 to serve Ms. Ankton personally at two addresses in Mississippi: 297 Holland Road, Holly Springs, MS 38635; and 131 Holland Road, Holly Springs, MS 38635. Shortly thereafter, on February 7, 2013, Mr. Finney returned a copy of the Third Summons to Ms. Fisher's counsel, after attempting personal service, stating that he could not find Ms. Ankton at the IRS building and that there was no record of her employment there.

When personal service of the Third Summons was unsuccessful, Ms. Fisher attempted service of the Third Summons via certified mail. Specifically, Ms. Fisher attempted service

---

[1] Ms. Fisher also served State Farm Insurance Company as the provider of uninsured/underinsured motorist insurance coverage for Ms. Ankton. State Farm answered the complaint on June 27, 2013. The service of process to State Farm is not an issue in this appeal.

via certified mail to the following three addresses, all of which were mailed on January 25, 2013: (1) 2153 West River Trace, Apartment 5, Memphis, TN 38134, (2) 22 North Front Street, Memphis, TN 38103, and (3) 297 Holland Road, Holly Springs, MS 38635.

On February 13, 2013, Ms. Fisher's counsel received signed Domestic Return Receipts for two of the certified mailings of the Third Summons, one sent to 297 Holland Road[2] and one sent to 22 North Front Street (the IRS building). The 297 Holland Road receipt was signed by "Jake Jeans." The 22 North Front Street receipt was signed by "Barry Burk." Both receipts were dated "2/13/13." Ms. Ankton's signature did not appear on either receipt. Neither Jake Jeans nor Barry Burk indicated in the provided area on the receipts that they were Ms. Ankton's "agent[s]." Melissa Erin Sherman, an employee of Ms. Fisher's counsel, signed the return for the Third Summons. On February 18, 2013, Ms. Fisher filed the above returns with the trial court.

Around this time, Ms. Ankton retained counsel to represent her although it is unclear how she came to know of Ms. Fisher's filing of the complaint. Ms. Ankton's attorney sent a letter to Ms. Fisher's attorney providing that although he had been retained, "we are not representing that our client has been properly served with process in this matter. We will, however, advise you as soon as possible if we find that proper service has not been perfected."

Several weeks later, on March 30, 2013, the certified mail (sent January 25, 2013) of the Third Summons sent to 2153 West River Trace Drive address was returned to Ms. Fisher's counsel's law office, with an indication from the United States Postal Service that the certified mail was "unclaimed." Thus, the return of the Third Summons from the certified mail signed by the named individuals at 22 North Front Street and 297 Holland Road was filed before Ms. Fisher received the receipt from the certified mail sent to 2153 West River Trace Drive indicating that the mail was unclaimed. As discussed below, Ms. Fisher did not file the unclaimed copy of the Third Summons mailed to 2153 West River Trace Drive until after Ms. Ankton filed her motion to dismiss.

*Motion to Dismiss and Response*

On June 27, 2013, Ms. Ankton filed a motion to dismiss Ms. Fisher's complaint on the basis of insufficiency of process, insufficiency of service of process, and expiration of the

---

[2] Ms. Fisher suggests, in her appellate brief, that this address is Ms. Ankton's "usual place of abode."

statute of limitations.[3] On August 1, 2013, Ms. Fisher responded by filing a motion to strike Ms. Ankton's motion to dismiss, or in the alternative, a response to Ms. Ankton's motion to dismiss.[4] Ms. Fisher argued that service had been achieved and that the defenses raised by Ms. Ankton had been waived.

Ms. Fisher attached several items to her response, including an affidavit by the private process server, Mr. Busby, who attempted service of the First Summons. Mr. Busby stated that he attempted service on Ms. Ankton five (5) times. According to his affidavit, during his first attempt to serve Ms. Ankton, an individual answered the door at 2153 West River Trace, Apartment 5 on June 18, 2012, 6:35 a.m., but advised Mr. Busby that Ms. Ankton was "at work." During his second attempt on June 18, 2012 at 6:00 p.m., Mr. Busby was told by an individual at the address to send the documents to Ms. Ankton's divorce attorney, Arthur Quinn.[5] Mr. Busby made a third attempt on June 30, 2012 at 8:05 p.m., but was informed by an individual at the address that Ms. Ankton was "out of town." During his fourth attempt to serve Ms. Ankton on July 25, 2012 at 6:50 a.m., no one answered the door or appeared to be present at the address. Finally, on Mr. Busby's fifth attempt on August 1, 2012 at 6:25 p.m., an individual who identified herself as "Tonya," answered the door and stated that she would not accept service on behalf of Ms. Ankton. Mr. Busby, in his affidavit, concluded that Ms. Ankton was evading service of the summons.

Ms. Fisher also attached an "Affidavit of Non-Service" submitted by Mr. Finney, the private process server who attempted to serve the Third Summons. Mr. Finney's statement provided:

Attempted at the IRS where they found no record of employment. Attempted at 297 Holland Road, Holly Springs, MS, where a neighbor said they didn't know the Defendant. Attempted 131 Holland [Road], Holly Springs, MS. Spoke with a male black who stated he did not know of the Defendant. (Called (662) [123-4567] provided by the Putnam Firm), was told by a female that she wasn't the Defendant's mother, nor did she know the Defendant.

---

[3] Ms. Ankton's counsel also entered a Notice of Special Appearance on June 27, 2013 for the limited purpose of arguing her motion to dismiss.

[4] Ms. Fisher filed a "Corrected Motion" on August 23, 2013 correcting, among other things, the exhibits attached to the original motion.

[5] Ms. Fisher also attached to her response two emails between her counsel and Ms. Ankton's divorce attorney, Arthur Quinn. The emails suggest that Ms. Ankton did not permit Mr. Quinn to accept service of process in the case-at-bar.

4

Ms. Fisher also attached the affidavit (signed August 1, 2013) of Melissa Erin Sherman, an employee of Ms. Fisher's counsel. Ms. Sherman provided that counsel for Ms. Fisher received two Domestic Return Receipts signed by Jake Jeans and Barry Burk, both on February 13, 2013. As stated above, the return of these two accepted copies of the Third Summons was filed February 18, 2013. Additionally, Ms. Sherman's affidavit provided that certified mail had been sent to Ms. Ankton at 2153 West River Trace Drive and had been returned unclaimed. The envelope from this mailing was attached to Ms. Fisher's response and indicates the United States Postal Service's designation that the mail was "unclaimed."

Separate from her response to the motion to dismiss, on August 22, 2013, Ms. Fisher filed a return of the unserved First Summons along with Mr. Busby's Affidavit explaining his five service attempts. She also filed the return of the unserved Second Summons along with the Affidavit of Melissa Erin Sherman.

*Trial Court's Ruling*

The trial court heard Ms. Ankton's motion to dismiss on October 18, 2013. On April 24, 2014, the trial court entered its Memorandum Opinion and Order granting the motion to dismiss. The trial court found that Ms. Fisher could not rely on the filing date of her complaint to toll the statute of limitations because the return accompanying the Third Summons,[6] issued on October 30, 2012, was not filed with the clerk within ninety days of issuance. Accordingly, because Ms. Fisher was in contravention of the requirement that the return be filed within ninety days of a summons' issuance, the trial court also found that she had intentionally delayed service of process. Additionally, the trial court noted that the Third Summons was not signed by Ms. Ankton, but by two unknown individuals, and that no affidavit as required by Rule 4.03(2)[7] was included with the return. Ultimately, Ms. Fisher's

---

[6] The parties do not dispute that service was never achieved with either the First or Second Summons.

[7] Rule 4.03(2) provides:

> When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of return receipt from the defendant. If the return receipt is signed by the defendant, or by person designated by Rule 4.04 or by statute,
>
> (Continued…)

5

case was dismissed with prejudice based on the trial court's finding that she had not tolled the statute of limitations, which expired June 13, 2014. Ms. Fisher timely filed this appeal.

## Issues

Appellant presents three issues, as taken from her brief, for our review:

> 1. Did the trial court err in dismissing [Ms. Fisher]'s Complaint with prejudice, due to the summons not being returned to the clerk within 90 days of issuance?
> 2. Did the trial court err in holding that [Ms. Fisher] intentionally delayed service of the summons and complaint?
> 3. Did the trial court err in finding that the [Ms. Ankton] had not waived her Tenn. R. Civ. P. 12.02(4) and (5) defenses by failing to timely assert the same?

## Standard of Review

In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true and review the trial court's legal conclusions de novo with no presumption of correctness. Tenn. R. App. P. 13(d); *Mid-South Indus., Inc. v. Martin Mach. & Tool, Inc.*, 342 S.W.3d 19, (Tenn. Ct. App. 2010) (citing *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 424 (Tenn. 1996)). In addition, when deciding motions to dismiss premised on issues involving either service or the process of service, a trial court may properly consider matters outside the pleadings without converting the motion to one for summary judgment. *Milton v. Etezadi*, No. E2012-00777-COA-R3-CV, 2013 WL 1870052, at *3–4 (Tenn. Ct. App. May 3, 2013) (citing *McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 436 (Tenn. Ct. App. 2011)).

We review the trial court's interpretation of a statute or rule *de novo* with no presumption of correctness. *See Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011); *Mills v. Fulmarque*, 360 S.W.3d 362, 366 (Tenn. 2012). In construing a statute or rule, our primary purpose is to give effect to the purpose of the legislature. *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000). The Tennessee Supreme Court has outlined the applicable

---

(…continued)
service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

6

principles that apply to the question of statutory interpretation:[8]

> When dealing with statutory interpretation . . . our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. ***Houghton v. Aramark Educ. Res., Inc.***, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. ***In re C.K.G.***, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. ***Eastman Chem. Co. v. Johnson***, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. ***Abels ex rel. Hunt v. Genie Indus., Inc.***, 202 S.W.3d 99, 102 (Tenn. 2006).

***Estate of French v. Stratford House***, 333 S.W.3d 546, 554 (Tenn. 2011). With these principles in mind, we turn to the substance of the appeal.

### Analysis

As a threshold matter, we must examine whether the trial court properly interpreted and applied the rules concerning the filing of a return of a summons. The trial court, as stated above, found that Ms. Fisher could not rely on filing of her complaint to toll the statute of limitations because she had failed to file the return of the Third Summons within ninety days of its issuance. Specifically, the trial court stated in its written order:

> [Ms. Fisher] cannot rely on the filing of the Complaint as tolling the Statute of Limitations because [her] return of service of the third summons was not filed with the Clerk within ninety (90) days of issuance and therefore [she] has intentionally caused delay of prompt service of summons, since [Ms. Fisher] has never complied with [Tennessee Rules of Civil Procedure] 3 or Rule 4.03 requiring that service be attempted (and return thereon made and filed with the Court Clerk) within 90 days after issuance of the summons.

---

[8] "Although the rules of civil procedure are not statutes, the same rules of statutory construction apply in the interpretation of rules." ***Thomas v. Oldfield***, 279 S.W.3d 259, 261 (Tenn. 2009).

In reaching its conclusion, it is clear that the trial court relied on the interplay between two Tennessee Rules of Civil Procedure, Rule 3 and Rule 4.03. First, the trial court found that Ms. Fisher had failed to comply with Rule 4.03(1), interpreting the rule to require that a plaintiff must file her return proof of service within ninety days. Rule 4.03(1) provides:

> (1) The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. <u>If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve.</u> The plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been returned unserved or if any prior summons has not been served within 90 days of issuance.

(Emphasis added.) The trial court, emphasizing the underlined portion of Rule 4.03(1), found that the rule requires plaintiffs to file the return of unserved summonses within ninety days of issuance. Thus, because Ms. Fisher did not file her return of service for any of the summons issued in this case within ninety days of their issuances, the trial court concluded that Ms. Fisher had not complied with Rule 4.03. Accordingly, the trial court found that Ms. Fisher's non-compliance with Rule 4.03 meant that she had not tolled the statute of limitations and that the statute of limitations had expired. Therefore, the trial court granted Ms. Ankton's motion to dismiss the complaint.

In reaching its conclusion that Ms. Fisher's purported failure to comply with Rule 4.03(1) meant that her complaint did not toll the statute of limitations, the trial court appears to have also relied on Tennessee Rules of Civil Procedure 3. Rule 3 provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days <u>or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations</u> unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing

of the complaint.

(Emphasis added.) With regard to this provision, the trial court stated that "service of the [Third Summons] was attempted via U.S. Mail on January 25, 2013, the date it was mailed, which is within ninety (90) days of the issuance . . ., [but it was] not returned for 106 days and therefore is not valid for having been served within 90 days . . . ." Thus, the trial court's conclusion that the Third Summons was not served within the proper time frame appears to be based on Ms. Fisher's failure to file the return proof of service within ninety days of issuance.[9] Consequently, it appears that the trial court concluded that by failing to return the unserved summonses to the court within ninety days of issuance pursuant to Rule 4.03(1), she also failed to timely serve the summons. The trial court's order also provides that, "By not attempting service for 106 days after issuance, the Plaintiff[] intentionally delayed service of process under Tennessee Rules of Civil Procedure Rule 4.01." Ultimately, the trial court found that Ms. Fisher was unable to rely on the original commencement of the lawsuit to toll the statute of limitations because Rule 3 requires a plaintiff to either serve the defendant or return the summons within ninety days pursuant to Rule 4.03(1). Thus, the trial court granted Ms. Ankton's motion to dismiss.

Ms. Ankton urges this Court to affirm the ruling of the trial court. Specifically, Ms. Ankton agrees with the trial court's interpretation of Rule 4.03 as imposing a ninety-day window on a plaintiff to file a return of proof of service. For this premise, Ms. Ankton cites a case decided by this Court, *Fair v. Cochran*, No. E2011-00831-COA-R3-CV, 2012 WL 1071142 (Tenn. Ct. App. Mar. 30, 2012). We note, however, that our decision in *Fair* was reversed by the Tennessee Supreme Court on September 12, 2013. *See Fair v. Cochran*, 418 S.W.3d 542 (Tenn. 2013). The Supreme Court in *Fair* held that a plaintiff's failure to return proof of service of a summons within ninety days from issuance did not preclude the plaintiff's ability to rely on the commencement date of suit to toll the statute of limitations. *Id.* at 546–47.

Although it was decided after the filing of Ms. Ankton's motion to dismiss and Ms. Fisher's responses, *Fair* was decided before oral argument in the trial court on the motion to dismiss (October 18, 2013) and also before the trial court entered its final order (April 24, 2014). *See generally Fair*, 418 S.W.3d 542. Still, neither party cited *Fair* at oral argument before the trial court. Neither party filed a supplement to its motion or response bringing *Fair*

---

[9]We note that the Third Summons was mailed within ninety days of its issuance; however, it was returned to the court 106 days after its issuance. As discussed below, the trial court's order of dismissal relies on its finding that the summons was not promptly returned to the court, not that service of the summons was not accomplished or was not timely. Accordingly, we will not address those issues. *See generally* Tenn. R. Civ. P. 4.4(11) ("Service by mail is complete upon mailing.").

to the attention of the trial court. Additionally, the learned trial judge noted in his oral ruling that he had not been made aware of any reported appellate decisions where a court had permitted service of process when a return was filed later than ninety days after its issuance.

Despite the absence of the Supreme Court's decision in *Fair* from the arguments made before the trial court and in the appellate briefs, *Fair* formed the basis of Ms. Fisher's oral argument before this Court. Remarkably, however, Ms. Fisher's appellate brief also omits any citation to or reference thereof to the Tennessee Supreme Court's decision in *Fair*. For the sake of judicial economy, we note the foregoing shortcomings in hopes that litigants will practice due diligence and be mindful of the constantly changing state of the law. *See, e.g.*, *Dunn v. Palermo*, 522 S.W.2d 679, 688 (Tenn. 1975) ("[The law] is not static and immutable. It is in constant growth, going through mutations and adapting itself to changing conditions and in improving and refining doctrine.") (internal quotations and citation omitted). Accordingly, we turn to consider the *Fair* opinion.

Ms. Fisher posited at oral argument that the holding in *Fair* demonstrates that a plaintiff is not required to file her return within ninety days to rely on the original commencement of the lawsuit to toll the statute of limitations. We agree and conclude that the Supreme Court's decision in *Fair* is dispositive of the issue presented in this case. In *Fair*, the plaintiff and defendant were involved in an automobile accident on August 6, 2009. *Id.* at 543. On December 11, 2009, the plaintiff filed suit against the defendant alleging negligence. *Id.* On the same day, a summons was issued. *Id.* On January 4, 2011, the defendant moved to dismiss the plaintiff's complaint based on the expiration of the statute of limitations. *Id.* The defendant asserted that he had been involved in an automobile accident on August 6, 2009, but stated that he had never been served with a complaint or summons. *Id.* He also argued that no return of proof of service of process had been filed with the clerk. *Id.* The defendant, relying on Tennessee Rule of Civil Procedure 3, argued that the plaintiff could not rely on the date of the filing of the complaint to toll the statute of limitations because she had failed to either serve him or to reissue process within a year of issuance of the original summons. *Id.*

The plaintiff eventually filed a response in opposition to the defendant's motion to dismiss, arguing that service had been achieved. *Id.* In support of her response, Plaintiff filed a return of the summons, indicating that she achieved personal service on the defendant. *Id.* Plaintiff explained the delay in returning the summons, stating that her private process server had actually achieved personal service on the defendant at his address. *Id.* However, the private process server had "inadvertently failed to make proof of service of the original [s]ummons and return it to the Court" because the plaintiff's counsel's office was closed for a week after she achieved service. *Id.* (internal quotations omitted). The defendant argued,

however, that dismissal was proper regardless of whether personal service was actually achieved because the language of Rule 4.03 required the return of proof of service to be filed within ninety days of the issuance of the summons. *Id.* at 544. In *Fair*, it was undisputed that 412 days passed before the plaintiff filed the return.[10]

The court in *Fair* stated that the "only issue in this appeal is whether the return of proof of service of process 412 days after the issuance of a summons precludes [the plaintiff] from relying upon the original commencement of the lawsuit to toll the statute of limitations." *Id.* at 544–45. The *Fair* Court began its analysis by examining the plain language of Tennessee Rule of Civil Procedure 3 to determine when it permits a plaintiff to rely on the commencement date of the lawsuit to toll the statute of limitations. *Fair*, 418 S.W.3d at 545–46; *see Estate of French*, 333 S.W.3d at 554 (citing *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004)). Tennessee Rule of Civil Procedure 3 provides, "All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, **whether process be issued or not issued and whether process be returned served or unserved**." (Emphasis added.)

In addition to providing when an "action is commenced," Rule 3 also states when a plaintiff may rely upon the filing date of the complaint (i.e. the original commencement of the action) to toll the statute of limitations. *Fair*, 418 S.W.3d at 545. Rule 3 "unambiguously instructs" that, when process is served within ninety days of issuance, a plaintiff may rely on the effectiveness of the original commencement to toll the running of the statute of limitations. *Fair*, 418 S.W.3d at 545. However, where process is not served within ninety days of issuance, a plaintiff cannot rely on the date of the filing of the complaint to toll the statute of limitations *unless* the plaintiff obtains issuance of new process within one year of the issuance of the previous process. *Id.* (citing Tenn. R. Civ. P. 3). Still, the *Fair* Court noted that although Rule 3 provides direction on the tolling of the statute of limitations through the issuance and service of process, "[c]onspicuously absent from Rule 3 is any language indicating that the prompt return of proof of service is necessary to render commencement effective to toll the statute of limitations." *Id.* Thus, the Court determined that Rule 3 does not require a plaintiff to return proof of service within ninety days to rely on the original commencement to toll the statute of limitations. *Id.*

The *Fair* Court then turned to consider Rule 4.03 of the Tennessee Rules of Civil Procedure. Rule 4.03(1), as stated above, requires the person serving the summons to

---

[10] The court did not take issue with the plaintiff's filing of the return proof of service after the filing of the defendant's motion to dismiss.

"promptly" make proof of service. Tenn. R. Civ. P. 4.03(1). The Court noted, however, that the rule does not designate what time frame constitutes "promptly." *See* Tenn. R. Civ. P. 4.03(1); *see also* **Fair**, 418 S.W.3d at 546.[11] Regardless, the Court held that "no language in Rule 4.03[(1)] states or implies that the failure to return proof of service promptly renders commencement ineffective to toll the statute of limitations." **Fair**, 418 S.W.3d at 546. Rather, the Court in **Fair** noted that "Rule 4.03(1) does not state that promptly returning proof of service to the court is necessary to accomplish service. To the contrary, '[t]he return of service is 'a written account of the actions taken by the person making service to show to whom and how the service was made, or the reason service was not made.''" **Id.** (citing **Watson v. Garza**, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (quoting 3 Nancy Fraas McClean, *Tennessee Practice Series—Rules of Civil Procedure Annotated* § 4:15 (4th ed. 2008))). Ultimately, the **Fair** Court held that nothing in Rules 3 or 4.03(a) provide that the failure to return proof of service within ninety days renders the original commencement of the lawsuit ineffective to toll the statute of limitations. **Id.** at 545, 546.

The facts presented in the case-at-bar are strikingly similar to the facts presented in **Fair**. In this case, it is clear that Ms. Fisher filed her lawsuit on June 13, 2012. It is also clear that Ms. Fisher had three summonses issued by the clerk. All three summonses were issued within one year of the filing of the complaint (i.e. the original commencement of the action). As reiterated in **Fair**, Rule 3 allows a plaintiff to rely upon the original commencement of the action to toll the statute of limitations if she obtains issuance of a new summons within one year of the previous summons. **Id.** at 545; Tenn. R. Civ. P. 3. Thus, in the instant case, because it is undisputed that all three summonses were issued within one year of the complaint, Ms. Fisher may rely upon the original commencement of the action. Still, this conclusion does not end our inquiry. *See* **id.**; *see also* **Stempa v. Walgreen Co.**, 70 S.W.3d 39, 43 (Tenn. Ct. App. 2001) ("Because Plaintiffs had process issued within one year of filing of the Complaint, they are entitled to rely on the original filing date to toll the running of the statute of limitations.").

Following the analysis in **Fair**, we next turn to Rule 4.03 to determine whether it requires Ms. Fisher to file the return proof of service within ninety days of issuance. Like the **Fair** Court, we must conclude it does not. "[N]o portion of Rule 4.03 mandates filing the return of proof of service within ninety days." **Fair**, 418 S.W.3d at 545. In **Fair**, the Supreme Court noted that the plaintiff waited 412 days before filing her return of proof of service; in this case, Ms. Fisher filed her return in significantly less time, approximately 106 days. **Id.**

---

[11] We note that "[w]hen a dispute arises as to whether service of process has been accomplished, a trial court may properly consider any delay in filing the return when weighing the evidence and resolving the dispute." **Fair**, 418 S.W.3d at 546.

Clearly, if the Supreme Court held in *Fair* that 412 days from issuance was permissible, we cannot conclude that Ms. Fisher's delay of 106 days is fatal to her action.

We must conclude, based on *Fair v. Cochran*, that the trial court erred in finding that Ms. Fisher was precluded from relying on the original commencement of the action to toll the statute of limitations because of her failure to return the summons to the clerk within ninety days. *See id.* at 546. We reverse the decision of the trial court dismissing Ms. Fisher's complaint. Ms. Fisher may rely on the original commencement of the action (i.e. the filing of the complaint) to toll the statute of limitations because neither Rule 3 nor Rule 4.03 require her to file the return of proof of service within ninety days of the summons' issuance.

Our holding is limited to the issue of whether Rules 3 and 4.03 required Ms. Fisher to file her return within ninety days of the summons' issuance to toll the statute of limitations. The trial court predicated its other findings, such as its finding that Ms. Fisher intentionally delayed service, on an erroneous interpretation of Rules 3 and 4.03. Thus, we vacate any collateral findings of the trial court. We also render no holding as to the validity of service allegedly effectuated upon Ms. Ankton. We remand all remaining issues for further litigation as the trial court deems necessary.

Finally, although Ms. Fisher raised the issue of waiver in the trial court, the trial court's order provides that its dismissal of the case for non-compliance with Rules 3 and 4.02 renders the issue of waiver moot. At the appellate level, "we are limited in authority to the adjudication of issues that are presented and decided in the trial courts." *In re Estate of Boykin*, 295 S.W.3d 632, 636 (Tenn. Ct. App. 2008). Because the trial court did not adjudicate this issue, we decline to address it in this Opinion. However, clearly, our holding demonstrates that that the issue of waiver is not moot and may be litigated with the other collateral issues.

## Conclusion

The judgment of the Shelby County Circuit Court is reversed in part, vacated in part, and this case is remanded for further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed against Appellee Chandranita M. Ankton, for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

13