IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

## CCD OLDSMITH HENRY, LLC ET AL. v. TOWN OF NOLENSVILLE

**Circuit Court for Williamson County**
**No. 24CV-45**

_____

**No. M2024-01102-SC-R11-CV**
_____

## ORDER

CCD Oldsmith Henry, LLC and Oldsmith Group LLC (collectively, "Oldsmith") brought this civil action in the Williamson County Circuit Court alleging that the Town of Nolensville wrongfully refused to issue building permits that it promised to provide as part of a development project. The Town answered the complaint and asserted counterclaims alleging that Oldsmith failed to fulfill its promise to help pay for intersection improvements needed to support the project.

About a month later, the Town filed a motion to join two Oldsmith representatives, John Olderman and Christopher Smith, as additional counter-defendants. The proposed counterclaims sought to hold Olderman and Smith individually liable for misrepresentations they allegedly made about Oldsmith's willingness to pay for the intersection improvements.

The Circuit Court denied the Town's joinder motion, holding that Olderman and Smith were statutorily insulated from liability pursuant to Tennessee Code Annotated section 48-249-114(a), and that complete relief could be awarded without their joinder. The Circuit Court certified its order as final and appealable pursuant to Tennessee Rule of Civil Procedure 54.02(1), and the Town appealed from the certified judgment.

The Court of Appeals reversed in part. The Court of Appeals held that the Circuit Court should have allowed Smith's joinder because he could be held liable for his own statements under a promissory-fraud theory. The court, however, affirmed the denial of the Town's motion to join Smith because he did not make any of the alleged fraudulent statements. CCD Oldsmith Henry, LLC filed an application for permission to appeal with this Court pursuant to Tennessee Rule of Appellate Procedure 11.

Mindful of its obligation to ensure that subject-matter jurisdiction exists, this Court asked the parties to submit supplemental filings addressing whether the Circuit Court's order was eligible for certification under Rule 54.02(1). The proper interpretation of the Tennessee Rules of Civil Procedure is a question of law that we consider *de novo* with no presumption of correctness. *See, e.g.*, *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013).

Having considered the parties' filings and the record before us, we conclude that the Circuit Court did not have the authority to certify—and the Court of Appeals did not have jurisdiction to decide—this appeal under Rule 54.02(1). Consequently, we grant review, vacate the Court of Appeals' opinion and judgment for lack of jurisdiction, and remand the case to the Circuit Court for further proceedings.

Tennessee Rule of Civil Procedure 54.02(1) operates as a limited exception to the final judgment rule. It allows trial courts to certify certain interlocutory orders as final and appealable partial judgments in cases involving multiple parties or multiple claims for relief. Specifically, Rule 54.02(1) provides in relevant part:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Thus, for an order to be eligible for certification under Rule 54.02(1), it "must be dispositive of an entire claim or party." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 558 (Tenn. 1990). In other words, the order must conclusively adjudicate: (1) all the rights and liabilities of at least one "part[y]"; or (2) at least one of the "claims" present in the action.

The Circuit Court's order denying the Town's motion to join Olderman and Smith as counterclaim defendants does not satisfy either condition for certification under Rule 54.02(1). First, Olderman and Smith were never "parties" whose rights and liabilities were adjudicated by the Circuit Court. Tenn. R. Civ. P. 54.02(1). Rather, they were would-be counterclaim defendants who were not parties to the litigation. Second, the Circuit Court's order denying joinder did not dispose of any "claim" that was "present in [the] action." *Id.* Even assuming that the Town's proposed counterclaim could be considered a distinct "claim" for Rule 54.02(1) purposes, the proposed counterclaim was not before the Circuit Court and thus could not be adjudicated. Accordingly, the Circuit Court's order denying the Town's joinder motion was ineligible for certification under Rule 54.02(1).

This view is consistent with our interpretation of Rule 54.02(1) in *Bayberry*

*Associates v. Jones*. 783 S.W.2d at 558–59. In that case, the Court held that a trial court's order denying a motion to certify a class—but allowing the individual plaintiff's claim to proceed—was not certifiable under Rule 54.02(1) because "the putative class ha[d] never been made a party" to the action and "[t]heir claims were not properly before the trial court." *Id.* at 558. Similarly here, Olderman and Smith were mere prospective counterclaim defendants, and the proposed counterclaims against them were not before the Circuit Court for disposition.

Finally, we note that our reading of Rule 54.02 is consistent with federal case law interpreting the substantially similar Federal Rule of Civil Procedure 54(b), on which Rule 54.02 is based. *See Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 207 (4th Cir. 2006) (explaining that trial court could not certify under Rule 54(b) order denying motion to amend complaint to add additional plaintiffs because the order "adjudicated no party's claims" and "the would-be plaintiffs were never parties whose rights and liabilities were adjudicated" (internal quotations omitted)); *Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 388 (2d Cir. 1996) (noting that trial court could not use Rule 54(b) to certify as final and appealable order denying motion to amend complaint to add additional plaintiffs).

Because the Circuit Court's order denying the Town's joinder motion was not certifiable as final and appealable under Rule 54(b), we grant review, vacate the Court of Appeals' opinion and judgment for lack of jurisdiction, and remand the case to the Circuit Court for further proceedings. The costs of this appeal are taxed equally to the parties, for which execution may issue if necessary.

This Order is designated for publication pursuant to Tennessee Supreme Court Rule 4.

PER CURIAM