IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2026

## DONALD BATISTE ET AL. v. THE MEMPHIS AND SHELBY COUNTY BOARD OF ADJUSTMENT ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-24-1416      James R. Newsom, Chancellor**

___

### No. W2025-00836-COA-R3-CV

___

The president of a homeowner's association filed a petition for a writ of certiorari seeking review of a decision by a local zoning board. The chancery court dismissed the petition, finding that the petition was insufficiently verified. After review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KRISTI M. DAVIS, J., joined.

Robert S. Mink, Jr., and Darrell James O'Neal, Memphis, Tennessee, for the appellants, Donald Batiste, Vollintine Evergreen Community Association, and Stephanie Walker.

Julie Marie Hale and Robert B. Rolwing, Memphis, Tennessee, for the appellee, Memphis and Shelby County Board of Adjustment.

Edward J. McKenney, Jr., Memphis, Tennessee, for the appellee, Christopher Roach.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2024, Donald Batiste, on behalf of himself and the Vollintine Evergreen Community Association ("VECA") (collectively, "Petitioners"), filed a petition for a writ of certiorari and supersedeas in Shelby County Chancery Court seeking judicial review of a decision of the Memphis and Shelby County Board of Adjustment ("the Board") approving a variance sought by Christopher Roach. Mr. Batiste attached to the petition a declaration under penalty of perjury that the allegations in the petition were true and correct.

In response, Mr. Roach and the Board each filed a motion to dismiss. The Board asserted that neither Mr. Batiste nor VECA had standing to seek a writ of certiorari. The Board also asserted that Mr. Batiste had engaged in the unauthorized practice of law by filing the petition on behalf of himself and VECA. Mr. Roach's motion to dismiss similarly claimed that neither petitioner had standing. Additionally, he asserted that the court lacked subject matter jurisdiction because the petition was not supported by oath or affirmation as required by statute. Mr. Roach also claimed that, even if Mr. Batiste and VECA amended the petition to include an oath, the court would lack subject matter jurisdiction because more than 60 days would have passed since the Board's decision.

In December 2024, Petitioners filed an amended petition for a writ of certiorari, asserting claims similar to those contained in the October 2024 petition. However, this petition was filed with the assistance of counsel, and the attached declaration now stated that it was made pursuant to Tennessee Rule of Civil Procedure 72. The Board again filed a motion to dismiss, asserting largely the same grounds for dismissal. In February 2025, Petitioners filed a second amended petition for writ of certiorari. Attached to this third petition was a declaration from Stephanie Walker, and the declaration again cited Rule 72. The Board and Mr. Roach responded by filing motions to dismiss.

Petitioners filed responses to the two motions, asserting that they had standing and that the petitions were properly verified because Tenn. R. Civ. P. 72 allows for "'an unsworn declaration under penalty of perjury' to be 'filed in lieu of an affidavit.'" Petitioners asserted that, because this rule provides that an unsworn declaration made under penalty of perjury may take the place of an affidavit, their declaration satisfied the requirement that the petition for certiorari be supported by a valid affidavit.

On May 9, 2025, the chancery court entered an order granting the motions to dismiss. The court determined Mr. Batiste had engaged in the unauthorized practice of law by filing the first petition on behalf of himself and VECA. As a result, the court found the first petition was a nullity as to the claims it asserted on behalf of VECA. Next, the court determined that neither petitioner had standing because neither was a party to the Board's proceedings. Finally, the court determined that it lacked subject matter jurisdiction because the petitions were not properly verified and were untimely.

Petitioners timely appealed and present several issues[1] for our review; however, one issue is outcome determinative in this case: "Whether the trial court erred when it alternatively ruled that this matter must be dismissed because Petitioners utilized Tennessee Rules of Civil Procedure 72 instead of a sworn affidavit."

---

[1] Petitioners' other issues are: "whether the trial court erred when it dismissed the Petitioners' Writ of Certiorari, ruling that Tennessee Code Annotated § 27-9-101 *et seq.* required the Petitioners be parties to the original proceedings;" "whether the trial court erred when it determined that the filing of a Writ of Certiorari is the practice of law;" and "whether the trial court erred when it determined that a pro se petition for writ of certiorari was a nullity."

STANDARD OF REVIEW

With respect to a facial challenge to subject matter jurisdiction, the determination of whether a court has subject matter jurisdiction is a question of law that we review de novo. *Johnson v. Hopkins*, 432 S.W.3d 840, 844 (Tenn. 2013) (citing *In re Est. of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012)).

ANALYSIS

The chancery court granted the motions to dismiss in part because it determined that the petitions were not supported by oath or affirmation, thereby depriving the court of subject matter jurisdiction. Petitioners assert that this was an error because the declarations made pursuant to Tenn. R. Civ. P. 72 and attached to the end of the petitions were sufficient.

As recently explained by our Supreme Court:

Subject matter jurisdiction concerns a court's authority to adjudicate the matter before it. *Northland Ins. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). Tennessee courts derive their subject matter jurisdiction either from the constitution or from statute. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *see also New v. Dumitrache*, 604 S.W.3d 1, 14–15 (Tenn. 2020) ("Statutes or constitutional provisions confer and define a court's subject matter jurisdiction, and parties to litigation cannot confer or expand subject matter jurisdiction by consent or waiver."). Because a court may not adjudicate a matter over which it has no subject matter jurisdiction, subject matter jurisdiction is a threshold issue that may be raised at any time and is not subject to waiver. *Houghton v. Malibu Boats, LLC*, --- S.W.3d ---, ---- n.----, No. E2023-00324-SC-R11-CV, 2025 WL 2971436, at *6 n.12 (Tenn. Oct. 22, 2025).

*Berkeley Rsch. Grp., LLC v. S. Advanced Materials, LLC*, --- S.W.3d ---, No. W2023-00720-SC-R11-CV, 2026 WL 181929, at *2 (Tenn. Jan. 23, 2026). As in that case, "our inquiry begins and ends with subject matter jurisdiction." *Id.*

The appropriate method for seeking judicial review of a decision by a local board of zoning appeals is to file a petition for a common law writ of certiorari pursuant to Tenn. Code Ann § 27-8-101. *Cash v. Wheeler*, 356 S.W.3d 913, 915 (Tenn. Ct. App. 2011) (citing *Harding Acad. v. Metro. Gov't of Nashville & Davidson Cnty.*, 222 S.W.3d 359, 363 (Tenn. 2007)). Common law writs of certiorari belong to a class of extraordinary judicial remedies and, as such, are "not available as a matter of right." *Moore v. Metro. Bd. of Zoning Appeals*, 205 S.W.3d 429, 435 (Tenn. Ct. App. 2006). A petition for a writ of certiorari must be verified in accordance with the requirements of Article 6, Section 10 of the Tennessee Constitution and Tenn. Code Ann. § 27-8-104(a). *Sepulveda v. Tenn. Bd. of*

- 3 -

*Parole*, 582 S.W.3d 270, 274 (Tenn. Ct. App. 2018) (citation modified). Tennessee Code Annotated § 27-8-104 provides that circuit and chancery courts have the power to issue writs of certiorari "on sufficient cause, supported by oath or affirmation." The code further provides that the petition for certiorari "may be sworn to before the clerk of the circuit court, the judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106.

A court's subject matter jurisdiction over a petition is predicated on the verification requirements of Tenn. Code Ann. § 27-8-106. *Blair v. Tenn. Bd. of Prob. & Parole*, 246 S.W.3d 38, 40-41 (Tenn. Ct. App. 2007); *see also Bd. of Pro. Resp. v. Cawood*, 330 S.W.3d 608, 609 (Tenn. 2010) (finding a court lacked jurisdiction over a petition for a statutory writ of certiorari because it did not comply with this statute). Accordingly, petitions that fail to meet the verification requirement must be dismissed. *Sepulveda*, 582 S.W.3d at 274; *see also Talley v. Bd. of Pro. Resp.*, 358 S.W.3d 185, 192 (Tenn. 2011). Indeed, "the petitioner 'must verify the contents of the petition *and* swear to the contents of the petition under oath, typically by utilizing a notary public.'" *Hirt v. Metro. Bd. of Zoning Appeals of Metro. Gov't of Nashville*, 542 S.W.3d 524, 528 (Tenn. Ct. App. 2016) (quoting *Wilson v. Tenn. Dep't of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *4 (Tenn. Ct. App. Feb. 13, 2006)). In *Hirt*, we held that a petition for a writ of certiorari was insufficiently supported when the petitioner had attached an oath that provided that "I am a petitioner in this action . . . and I have personal knowledge of the foregoing facts. I hereby declare under penalty of perjury that the foregoing is true and correct." *Id.* We determined that the verification statute required that the petition be sworn to before one of the named individuals in Tenn. Code Ann. § 27-8-106 and, because the oath failed to include the signature of any such individual, the oath did not comply with the verification requirement. *Id.* The language in *Hirt* is essentially identical to that used by Petitioners in this case. Petitioners assert that this language was sufficient in this case because of their invocation of Tenn. R. Civ. P. 72. We respectfully disagree.

It is undisputed in this case that the petitions were not supported by an oath or affirmation sworn to before any of the individuals listed in Tenn. Code Ann. § 27-8-106. Instead, Petitioners signed their declarations pursuant to Tenn. R. Civ. P. 72 and assert that this was sufficient to satisfy the statute's verification requirements. This argument necessarily calls upon us to interpret the Tennessee Rules of Civil Procedure, which we undertake using the following standards:

> Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn.2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening

or restricting the intended scope of the rule. *See Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. *Garrison v. Bickford,* 377 S.W.3d 659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. *See Waldschmidt v. Reassure Am. Life Ins. Co.,* 271 S.W.3d 173, 176 (Tenn. 2008).

*Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013). Tennessee Rule of Civil Procedure 72 provides that:

> Whenever these rules require or permit an affidavit or sworn declaration, an unsworn declaration made under penalty of perjury may be filed in lieu of an affidavit or sworn declaration. Such declaration must be signed and dated by the declarant and must state in substantially the following form: "I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct."

On this issue, we do not find the rule ambiguous. By the rule's own language, it allows "an unsworn declaration made under penalty of perjury" to be filed "in lieu of an affidavit or sworn declaration" when "*these rules* require or permit an affidavit or sworn declaration." *Id.* (emphasis added). Therefore, by the rule's own words, it does not apply to the statutory provision at issue in this case. Petitioners correctly assert that any conflict between a statute and the Rules must be resolved in favor of the Rules, but we disagree that our interpretation creates a conflict between the two. There is no conflict because Rule 72 and the statute do not overlap.[2] Petitioners posit that "[t]he question becomes, which rule applies and how would a party know;" however, Rule 72 and the statute provide that answer. Rule 72's provision applies "whenever these rules require or permit an affidavit or sworn declaration" and Tenn. Code Ann. § 27-8-106 applies to the verification of petitions for common law writs of certiorari. In summary, there is no conflict.[3]

To summarize, the statute sets forth the manner in which a petition for a common law writ of certiorari must be verified, and Tennessee Rule of Civil Procedure 72 does not

---

[2] Indeed, another statute seems to acknowledge that Rule 72 does not apply to statutes because it expressly incorporates Rule 72's allowance of an unsworn declaration. *See* Tenn. Code Ann. § 34-3-105(g)(4) ("'Sworn' means sworn before a notary public or declared under penalty of perjury as set forth in Tennessee Rules of Civil Procedure, Rule 72."). It stands to reason that this provision would be unnecessary if the rule applied to statutes by its own terms.

[3] We are similarly unpersuaded by Petitioners' assertion that the advisory comments to the rule show that it was intended to be made in accordance with federal procedure, which is more permissive. However, the federal statute, by its own terms, is more expansive in scope than the state rule. *See* 18 U.S.C. § 1746 (allowing for an unsworn declaration "[w]herever, under any law of the United States or under any rule" a sworn declaration is required). These textual differences limit the breadth of the Tennessee rule in a way the federal statute does not.

authorize an unsworn declaration under penalty of perjury as an alternative method of verification. Further, because Rule 72 is inapplicable to this statute, the rule and the statute do not conflict. Because the petition was not verified, the chancery court lacked subject matter jurisdiction and correctly dismissed it. Petitioners' remaining issues are, therefore, pretermitted. *See, e.g.*, *Hirt*, 542 S.W.3d at 526. The decision of the chancery court is affirmed.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellants, Donald Batiste, Vollintine Evergreen Community Association, and Stephanie Walker, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE