Juli BROWN, et al.

v.

KNOX COUNTY, et al.

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Aug. 25, 2000.

Application for Permission to Appeal
Denied by Supreme Court
March 5, 2001.*

A. James Andrews and Steven Ober-
man, Knoxville, Tennessee, for the appel-
lant Juli Brown.

Richard T. Beeler, Knox County Law
Director; John E. Owings, Chief Deputy
Law Director; and Robert R. Davies,
Knoxville, Tennessee, for the appellees
Knox County and Lillian Bean.

## OPINION

SUSANO, J., delivered the opinion of
the court, in which GODDARD, P.J., and
FRANKS, J., joined.

This is an action seeking a declaratory
judgment, injunctive relief, monetary dam-
ages, and class action certification. The
plaintiff, who had earlier been convicted of
driving under the influence of an intoxicant
("DUI"), contends that there is no statuto-
ry authority for imposing jail fees on indi-
viduals found guilty of violating the DUI
statute, T.C.A. § 55–10–403, unless the jail
fees exceed the amount of the fine imposed
by the sentencing court and then only to
the extent of the excess. We reject the
plaintiff's interpretation of the pertinent

---

* The Supreme Court recommended that the    Court of Appeals' opinion be published.

provision, T.C.A. § 55–10–403(a)(2), and agree with the trial court's grant of summary judgment to the defendants.

## I.

In this suit, the plaintiff seeks class action certification on behalf of all individuals who have been convicted of the offense of DUI in Knox County and who have been "assessed and/or paid" both a fine and jail fees "and [h]ave not had their jail fees reduced by the fine, up to and including the total amount of the fine, where applicable."[1] The plaintiff's complaint alleges, *inter alia*,[2] that Knox County and the former Knox County Circuit Court Clerk, Lillian Bean—who is sued individually and in her former official capacity—have assessed and collected jail fees in violation of T.C.A. § 55–10–403(a)(2). The trial court granted the defendants summary judgment. In doing so, it relied upon an unpublished opinion of this Court, *Knox County v. City of Knoxville*, C/A No. 759, 1988 WL 116456 (Tenn.Ct.App. W.S., filed in Knoxville on November 2, 1988). In that case, we concluded that "a DUI offender must pay both the jailer's fee and the fine for drunk driving in its entirety." *Id.* at *2.

■ The plaintiff appeals, arguing that the trial court and this Court in the *Knox County* case erred when we interpreted T.C.A. § 55–10–403(a)(2). She presents one issue for our consideration:

Whether the chancery court erroneously interpreted T.C.A. § 55–10–403(a)(2) when it disagreed with a Tennessee Attorney General's opinion holding that this statute requires clerks of court to reduce jail fees imposed on persons con-

victed of violating Tennessee's DUI statute by the amount of any fine imposed.

Since the material facts in this case are undisputed, our review focuses on the interpretation and application of various statutes. Thus, we are presented with a pure question of law. Our review is *de novo* on the record of the proceedings below, but there is no presumption of correctness as to the trial court's ruling. *Billington v. Crowder*, 553 S.W.2d 590, 595 (Tenn.Ct.App.1977); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn.1998) ("Construction of a statute is a question of law which we review *de novo*, with no presumption of correctness.").

## II.

■ T.C.A. § 55–10–403(a)(2) (1998) is a part of the present comprehensive DUI statutory scheme which was first enacted by the General Assembly in 1982.[3] It provides as follows:

A portion of any fine imposed upon a person for a violation of this section, up to the maximum fine actually imposed, shall be returned to the sheriff of a county jail or to the chief administrative officer of a city jail for the purpose of reimbursing such sheriff or officer for the cost of incarcerating such person for each night such person is actually in custody for a violation of this section. Such reimbursement shall be in the same amount as is provided by § 8–26–105, and shall not in any event be less than the actual cost of maintaining such person and shall be reimbursed in the manner provided by § 8–26–106.

The plaintiff contends that this part of the Code means that *all* jail fees[4] for DUI

---

1. The plaintiff does not challenge the assessment of court costs.

2. The complaint also alleges deprivation of property without due process of law and under color of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Tennessee Constitution. These aspects of the complaint are not at issue on the instant appeal.

3. *See* 1982 Tenn. Pub. Acts ch. 891. While the statutory scheme has been modified several times since then, none of the amendments impact our decision in this case.

4. Under the authority of T.C.A. § 8–26–105 (1993), the Knox County Commission has authorized the Sheriff of Knox County to charge a daily jail fee of $38.50.

defendants, up to the amount of the fine, must be paid by the clerk out of the fine and not separately assessed against a DUI defendant.[5] She argues that "there is no lawful authority allowing a clerk of court to impose a separate jail fee for DUI convictions unless the fee exceeds the amount of the fine imposed."

The plaintiff relies upon an opinion of the State Attorney General interpreting T.C.A. § 55–10–403(a)(2). The Attorney General responded to the following question—"must the jail fee be paid by the clerk from the fine which is imposed by the court or may it be charged separately as part of the cost of the action?" *See Op. Att'y Gen.* No. U96–071 (1996). The Attorney General opined that

> [s]ince this statute states that the reimbursement to the sheriff or officer must come from 'a portion of any fine imposed', it is clear that the legislature did not intend that a separate jail fee be charged. Consequently, based upon the natural and ordinary language of the statute, the jail fee must be paid by the clerk from the fine imposed by the clerk.

*Id.* at 2.

### III.

In 1988, prior to the Attorney General's opinion, this Court decided the case of *Knox County v. City of Knoxville, supra.* The opinion in that case focuses on the interplay of two statutes: (1) the DUI statute at issue in the instant case, T.C.A. § 55–10–403(a)(2) (Supp.1988); and (2) the general jailer's statute, T.C.A. § 8–26–105 (Supp.1987).[6] *Id.* at *1. The action was brought by Knox County, seeking reimbursement of jail fees pursuant to T.C.A. § 55–10–403(a)(2) even in cases where it had collected those fees from the offenders pursuant to the general jailer's statute. *Knox County* at *1–*2. In resolving that appeal, we specifically addressed the question of "[w]hether DUI offenders must pay the jailer's fee pursuant to T.C.A. § 8–26–104 [7] in addition to the fine for DUI pursuant to T.C.A. § 55–10–403." *Id.* at *2. In holding that DUI offenders must pay both the jail fees and the fine, we stated the following:

> The question presented by the parties on appeal is whether T.C.A. § 55–10–403(a)(2) requires that the County Sheriff be paid, out of fines collected from persons convicted of DUI, a per diem incarceration cost (i.e., a jailer's fee) irrespective of whether or not that same cost is recovered or collected from another source authorized by T.C.A. § 8–26–105 as amended by Chapter 896, Section 7, of the 1984 Public Acts of Ten-

---

5. The plaintiff concedes that DUI defendants can be assessed jail fees to the extent that the total jail fees exceed the amount of the fine.

6. The two statutes at issue in *Knox County* are substantially the same today as they were when that case was decided.

7. The Court apparently meant to refer to T.C.A. § 8–26–105 or –106. Those statutes provide as follows:

T.C.A. § 8–26–105

(a) The county legislative body or governing body of each county has the authority to pass a resolution fixing the amount of jailers' fees which may be applied to misdemeanant prisoners. The rate fixed shall apply to such prisoners confined in the county jail or county workhouse or workhouses, but not meeting the conditions required for a state subsidy under title 41, chapter 8.

(b) In lieu of the reimbursement for jailers' fees allowed in § 8–26–106, the state shall provide a subsidy pursuant to title 41, chapter 8.

(c) References in other sections to jailers' fees for state prisoners specified in this section shall be deemed to be references to the subsidies specified in § 41–8–106(d).

T.C.A. § 8–26–106

Upon the adoption by the county legislative body of a resolution fixing jailers' fees, it is made the duty of the county clerk to promptly transmit to the judicial cost accountant a certified copy of the resolution. The judicial cost accountant shall allow jailers' fees for that particular county for state prisoners at the amount fixed by the resolution on the same terms as the county according to the provisions of § 8–26–105.

nessee. In addressing this question, two issues must be resolved [, the first of which is directly pertinent to the instant case]:

(1) Whether DUI offenders must pay the jailer's fee pursuant to T.C.A. § 8–26–104 [8] in addition to the fine for drunk driving pursuant to T.C.A. § 55–10–403;

\* \* \*

... As to the first issue, a DUI offender must pay both the jailer's fee and the fine for drunk driving in its entirety. There are several reasons why this must be the result. As a general rule, statutes on the same subject must be read *in pari materia.* The court is required to interpret such statutes in a manner which avoids conflict between them and should strive to interpret the statutes "so as to provide a harmonious operation of the laws." The two statutes at issue do not conflict when the DUI statute requiring reimbursement is read as an alternative means for counties to recover the costs of incarceration. This allows for a harmonious operation of statutes.

In addition, it must be presumed that the Legislature was aware of the jailer's fee, T.C.A. § 8–26–104 when it passed the DUI statute. This is especially true when, as with the statutes at issue, the new statute specifically refers to the prior statute. The Legislature specifically noted the existence of the jailer's fee statute in the DUI statute. The DUI statute does not purport to exempt DUI offenders from the payment of jailer's fees, rather it refers to the general jailer's statute for the method of determining the amount of reimbursement. Thus, it is clear that the legislative intent was that DUI offenders pay both the jailer's fee and the fine for DUI.

Finally, a fundamental purpose of statutory construction "is to ascertain and, if possible, give effect to the intention or purpose of the legislature." An interpretation which frustrates that purpose is impermissible. T.C.A. § 55–10–

401 *et seq.* sets forth a comprehensive plan dealing with drunk driving. Clearly, the purpose of this law is to punish intoxicated drivers and deter such conduct in the future. The main goal of the statute is to penalize intoxicated drivers, not to provide reimbursement of incarceration costs. Allowing DUI offenders to avoid the jailers' fees charged to other misdemeanants would certainly detract from the penal nature of the statute and frustrate the purpose of the legislative scheme. Thus, a DUI offender must pay both the jailer's fee and the DUI fine.

*Id.* at *2–*3. (Citations omitted). As can be seen, we concluded in *Knox County* that DUI offenders must pay both jail fees pursuant to T.C.A. §§ 8–26–105 and –106 and DUI fines pursuant to T.C.A. § 55–10–403.

In dismissing the instant complaint, the trial court specifically relied upon our decision in *Knox County,* stating that "[i]f the plaintiff's interpretation of T.C.A. § 55–10–403(a)(2) is correct, DUI defendants— and they only—are the beneficiaries of a substantial benefit: the mandated fine includes the nightly cost of their incarceration, up to the amount of the fine." The trial court recognized that no DUI offenders were involved in the *Knox County* case, but felt constrained to follow the holding of that case.

It is important to recognize that T.C.A. § 55–10–403(a)(2) does not *expressly* state that a DUI defendant cannot be assessed with jail fees. The plaintiff seizes upon some of the language of that statute to support her argument with respect to jail fees; however, in the absence of an express declaration of non-liability, she necessarily must argue that this language *impliedly* absolves a DUI defendant of all jail fees up to the full amount of the fine. The problem with this approach is that it focuses only on a portion of the relevant statutory DUI scheme and, in addition, com-

8. See footnote 7.

pletely ignores the statutes pertaining to the jailer's fees, statutes that are expressly referred to in T.C.A. § 55–10–403(a)(2). This approach is inconsistent with recognized standards of statutory construction. *See Mandela v. Campbell,* 978 S.W.2d 531, 534 (Tenn.1998); *Westinghouse Elec. Corp. v. King,* 678 S.W.2d 19, 23 (Tenn.1984).

■ The 1996 Attorney General's opinion does not refer to the *Knox County* case, which was decided in 1988. While opinions of the Attorney General rendered pursuant to T.C.A. § 8–6–109(b) (1993) are frequently persuasive on a given subject, we are not inclined to follow his opinion regarding the effect of T.C.A. § 55–10–403(a)(2) on the facts of this case, especially in view of his failure to address the impact of *Knox County.*

In her reply brief, the plaintiff argues that since jail fees are an element of the costs of a prosecution, *see* T.C.A. § 40–25–133, and since the first monies paid by a defendant to a clerk must be applied to costs, *see* T.C.A. § 40–25–105(a), the trial court's interpretation of T.C.A. § 55–10–403(a)(2) as an *alternative* source for payment of jail fees does not make sense in the overall context of the language of the statute. The plaintiff contends that if the trial court is correct that the statute provides an alternative source for payment of the jail fees, such an interpretation presents an anomaly—the fine, being paid only after the jail fees have been paid in full, is an alternative source of payment for that which has already necessarily been paid. In other words, the clerk does not come into possession of the fine until all costs, including jail fees, have been paid in full. In view of this, so the plaintiff questions, how can the fine be an alternative source of payment of the jail fees?

While the plaintiff's argument is based on a logical foundation, we again note that it focuses only on some of the language of T.C.A. § 55–10–403(a)(2) to the exclusion of other pertinent statutes. We reject this piecemeal approach to statutory construction. In the absence of an *express* declara-

tion that DUI defendants are not obligated to pay jail fees, we cannot accept the plaintiff's argument.

■ We find that the trial court was correct in relying upon the rationale of *Knox County.* regardless of the fact that no DUI offenders were before the Court in that case. The plaintiff in *Knox County* was attempting to collect jail fees twice, once under the jailer's fee statute and once under the same DUI statute that is at issue in the instant case. Therefore, a resolution of the matter by the *Knox County* Court demanded an analysis of the interaction of the two statutes, which in turn required an interpretation of each statute. We concluded in *Knox County* that DUI offenders must pay both the jail fees pursuant to T.C.A. §§ 8–26–105 and – 106 in addition to the fine for drunk driving pursuant to T.C.A. § 55–10–403. Therefore, the above-quoted portion of *Knox County* was essential to the holding of the case and, hence, not dicta. Though *Knox County* is an unpublished opinion, we may consider such opinions as persuasive authority. *See Allstate Ins. Co. v. Watts,* 811 S.W.2d 883, 886 n. 2 (Tenn. 1991) (citing an unpublished case despite "the general rule that unpublished opinions should not be cited in published opinions."). We consider *Knox County* to be well-reasoned, and we follow that precedent in this case.

■ The plaintiff's argument, in essence, is that the DUI statute impliedly repealed the general jailer's statute as it relates to DUI offenders by carving out an exception for such misdemeanants, exempting them from having to pay jail fees unless the fine is insufficient to cover those fees. We do not agree. A repeal by implication is disfavored, "and will be recognized only when no fair and reasonable construction will permit the statutes to stand together." *Cronin v. Howe,* 906 S.W.2d 910, 912 (Tenn.1995). We found in *Knox County* that T.C.A. § 55–10–403(a)(2) and T.C.A. § 8–26–105 can be

construed harmoniously and we reaffirm that holding today. Accordingly, we find and hold that the trial court did not err in its construction of T.C.A. § 55–10–403(a)(2).

### IV.

The judgment of the trial court is affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant.