# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 14, 2015

## STATE OF TENNESSEE v. DONALD BRUCE ANDERSON, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT00625202, CT00639802    John R. McCarroll, Jr., Judge**

_____

### No. W2014-01971-COA-R3-CV – Filed May 15, 2015

_____

The trial court determined that it did not have authority to assess discretionary costs against the State in an eminent domain proceeding. It accordingly denied Defendants' motion for discretionary costs under Rule 54.04 of the Tennessee Rules of Civil Procedure and determined that it did not have jurisdiction to make findings with respect to the reasonableness and necessity of Defendants' costs. We affirm the trial court's conclusion that Tennessee Code Annotated § 29-17-912 does not authorize an assessment of costs against the State in an eminent domain proceeding other than those costs that are explicitly permitted by the section.

**Tenn. R. App. P. 3 Appeal as of Right: Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON, J., and KENNY ARMSTRONG, J., joined.

William H. Fisher, III, Collierville, Tennessee, for the appellants, Donald Bruce Anderson and Frances Anderson McDaniel.

Herbert H. Slatery, III, Attorney General and Reporter, Andree Sophia Blumstein, Solictor General, and George G. Boyte, Jr., Senior Counsel, Jackson, Tennessee, for the appellee, State of Tennessee.

**OPINION**

This appeal arises from an eminent domain proceeding in which the jury returned a verdict in favor of Defendants/Appellants Donald Bruce Anderson and Frances Anderson McDaniel ("Defendants") with respect to the valuation of real property condemned by the State for construction of Highway 385. The real property at issue was jointly owned by Defendants and was contained within two contiguous tracts that totaled approximately 40.2 acres at the intersection of U.S. Highway 64 and Collierville-Arlington Road in Shelby County. In 2002, the State of Tennessee, on relation of the Commissioner of the Department of Transportation ("the State"), filed two petitions in the Circuit Court for Shelby County to condemn approximately 16.4 acres of Defendants' property pursuant to Tennessee Code Annotated §§ 29-17-801, *et seq*., and 54-5-104. The State deposited a total of $987,300.00 as compensation for the condemned parcels. Defendants ultimately admitted the State's authority to condemn the property, but asserted that the amounts deposited by the State did not represent "just compensation." In October 2005, the trial court entered a consent order of condemnation *nunc pro tunc* to January 6, 2003. The matters were consolidated for trial with respect to the question of just compensation.

After considerable discovery and contentious proceedings concerning the scope of evidence admissible to demonstrate the value of the parcels in light of Memphis and Shelby County development plans for the area, the matter was heard by a jury in October 2012. On November 28, 2012, the trial court entered a judgment and final decree incorporating the jury's verdict awarding Defendants compensation in the amount of $3,366,050.00.

In December 2012, Defendants filed a motion for discretionary costs under Tennessee Rule of Civil Procedure 54.04 ("the Rule" or "Rule 54.04"). Defendants also filed the affidavit of their lead counsel, William H. Fisher, III ("Mr. Fisher"), who stated that Defendants spent $143,658.42 to prepare and try the matter and that Defendants were entitled to discretionary costs under Rule 54.04 in the minimum amount of $43,833.69. The State objected to Defendants' motion on the ground of sovereign immunity. In its objection, the State asserted that Tennessee Code Annotated § 29-17-912 specifies the costs that may be assessed against the State in an eminent domain proceeding and that the section does not authorize the discretionary costs sought by Defendants.

By order entered June 19, 2014, the trial court denied Defendants' motion upon determining that, under *State on Relation of the Commissioner of the Department of Transportation v. Richardson Lumber Company*, No. M2012–02092–COA–R3–CV, 2014 WL 1516478 (Tenn. Ct. App. April 16, 2014), it was "bound to deny" Defendants' motion for discretionary costs. Defendants filed a motion to alter or amend in July 2014. In their motion, Defendants asserted that the trial court's ruling was contrary to the controlling law. They submitted that, because neither *Richardson Lumber* nor *The State*

*of Tennessee v. Wallace*, No. M2004-00846-COA-R3-CV (Tenn. Ct. App. Dec. 20, 2005), on which the State also relied in its objection to Defendants' motion, are reported cases, they "have no precedential value and [the court] is not 'bound' to follow them." Defendants additionally contended that *Richardson Lumber* and *Wallace* are contrary to Tennessee Code Annotated § 29-17-912 and Rule 54.04(2) and that the legislative history of § 29-17-812, the precursor to § 29-17-912, indicated legislative intent to permit an award of discretionary costs against the State.

Defendants also asserted that the trial court failed to make findings of fact and conclusions of law with respect to the reasonableness and necessity of the discretionary costs requested and regarding whether the doctrine of sovereign immunity precludes an assessment of those costs against the State. They asserted that an award of discretionary costs in the amount $43,833.69 was supported by Mr. Fisher's affidavit and that the State did not challenge the reasonableness or necessity of this amount. Defendants submitted that the trial court was the "sole arbiter of whether the discretionary costs requested . . . [were] reasonable and necessary as required under Rule 54.04(2)[,]" that the trial court failed to make the findings required by the Rule, and that the trial court did not expressly conclude that the State is immune from the assessment of discretionary costs in eminent domain cases. Defendants prayed the court to reverse its ruling and for an award of discretionary costs in the amount of $43,833.69.

In its response to Defendants' motion, the State asserted that the trial court correctly denied Defendants' request for discretionary costs under the persuasive authority of *Richardson Lumber*. The State asserted:

• Waiver of the State's immunity to money claims requires express statutory authority to make such claims;
• Authority to assess costs against the State cannot be implied from general statutes authorizing the imposition of costs;
• Rule 54.04(2) does not waive the State's sovereign immunity; and
• T.C.A. § 29-17-912 does not provide that "express authority."

The State submitted that the trial court's order was "sufficiently clear" and that Defendants' request for a finding of fact was beyond the court's subject matter jurisdiction. The State further asserted that it did not stipulate to the reasonableness of the discretionary costs requested by Defendants, but took the position that an award of such costs was not within the court's authority.

The trial court denied Defendants' motion to alter or amend by order entered July 24, 2014. In its order, the trial court ruled that it lacked subject matter jurisdiction under the doctrine of sovereign immunity to make findings of fact regarding the reasonableness and necessity of the expenses claimed by Defendants under Rule 54.04(2). The trial court concluded that it was precluded from awarding discretionary costs against the State

3

in an eminent domain case under the doctrine of sovereign immunity as a matter of law. It accordingly denied Defendants' motion to alter or amend and their motion for findings with respect to the reasonableness and necessity of the discretionary costs requested. Defendants filed a timely notice of appeal to this Court.

## Issues Presented

Defendants (hereinafter, "Appellants") present the following issues for our review:

1) Whether the doctrine of sovereign immunity precludes the award of any discretionary costs against the State of Tennessee under TCA § 29-17-912 and TRCP Rule 54.04 in an eminent domain case as a matter of law.

2) Whether the doctrine of sovereign immunity denudes the trial court of jurisdiction to make findings of fact on a motion for discretionary costs against the State of Tennessee in an eminent domain case.

## Standard of Review

The issue presented by this appeal involves the interpretation of Tennessee Code Annotated § 29-17-912 and Rule 54.04 of the Tennessee Rules of Civil Procedure. The interpretation of a statute is a question of law. *E.g., State v. Hogg*, 448 S.W.3d 877, 887 (Tenn. 2014). The interpretation of the Tennessee Rules of Civil Procedure is also a question of law. *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013). We review a trial court's conclusions on matters of law *de novo* with no presumption of correctness. *Id.*

The same rules of construction apply to the courts' interpretation of statutes and the Rules of Civil Procedure. *Id.* (citation omitted). Our primary objective when interpreting a statute or rule of procedure is to effectuate the intent of the drafters, neither broadening nor restricting the intended scope. *Id.* When the text is unambiguous, we apply the plain, ordinary meaning of the words chosen by the drafters and enforce the statute or rule as written. *Id.* If the language is ambiguous, we may then look to the legislative history and other sources in order to ascertain the intent of the drafters in light of the general purpose of the statute or rule. *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012).

## Discussion

It is well-settled that the State cannot be sued in its own courts without its consent and permission. The State may consent to be sued but, as that consent "'"is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may appear that justice to the

4

public requires it.'" *State v. Bank of Tennessee*, 62 Tenn. 395, 1874 WL 4214 (Tenn. 1874) (quoting *Burr v. Arkansas*, 20 How., 529). That doctrine is contained in Article I, Section 17, of the Tennessee Constitution, which provides, "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."

Under the common-law doctrine of sovereign immunity and the constitution, "'governmental entities may prescribe the terms and conditions under which they consent to be sued . . . including when, in what forum, and in what manner suit may be brought.'" *Sneed v. City of Red Bank, Tennessee*, No. E2012–02112–SC–R11–CV, --- S.W.3d ---, 2014 WL 6851446, at *3 (Tenn. Dec. 2, 2014) (quoting *Cruse v. City of Columbia*, 922 S.W.2d 492, 495 (Tenn. 1996) (citing *Moore v. Tate*, 87 Tenn. 725, 11 S.W. 935, 939 (1889))) (additional citations omitted). Thus, a suit may not be sustained against the State except as expressly authorized by the General Assembly. *E.g., Crowe v. John W. Harton Mem'l Hosp.*, 579 S.W.2d 888, 890 (Tenn. Ct. App. 1979) (citation omitted). "Even where express authorization exists, suits may only be brought in those courts and under those conditions specified by the Legislature, including time limits for filing suit and damage limitations." *Id.* (citations omitted).

Rule 54.04 of the Tennessee Rules of Civil Procedure provides:

(1) Costs included in the bill of costs prepared by the clerk shall be allowed to the prevailing party unless the court otherwise directs, *but costs against the state, its officers, or its agencies shall be imposed only to the extent permitted by law.*

(2) Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees; travel expenses are not allowable discretionary costs. Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. The court may tax discretionary costs at the time of voluntary dismissal. In the event an appeal results in the final disposition of the case, under which there is a different prevailing party than the prevailing party under the trial court's judgment, the new prevailing party may request discretionary costs by filing a motion in the trial court, which motion shall be filed and served within thirty (30) days after filing of the appellate court's mandate in the trial court pursuant to Rule 43(a), Tenn. R. App. P.

Under Rule 54.04(1), a prevailing party generally is entitled to an award of the clerk's bill of costs. In an action involving the State, the prevailing party is entitled to an award of the clerk's bill of costs "only to the extent permitted by law." Tenn. R. Civ. P. 54.04(1). Thus, in suits involving the State, Rule 54.04(1) limits an award of costs to which a prevailing party is entitled where those costs are otherwise limited by law. Rule 54.04(2) generally permits the trial court, in the exercise of its discretion, to award those costs enumerated in the Rule. It also contains the procedural mechanisms governing when and how such discretionary costs may be requested, and allows the trial court to retain jurisdiction over a motion for discretionary costs notwithstanding the filing of a notice of appeal, which otherwise vests jurisdiction in this Court.

Tennessee Code Annotated § 29-17-912 governs the costs that may be assessed against the State in an eminent domain proceeding. The statute provides:

> (a)(1) If the amount of compensation awarded at the trial shall exceed the amount assessed by the condemner and deposited with the clerk, then the bill of costs prepared by the clerk shall be taxed against the condemner. If the amount of compensation awarded at the trial is not in excess of the amount assessed by the condemner and deposited with the clerk, then the bill of costs prepared by the clerk may be taxed against the defendants.
>
> (2) Rule 54.04, the Tennessee Rules of Civil Procedure, shall govern the taxing of any additional costs.
>
> (b) Notwithstanding subsection (a), the state court having jurisdiction of a proceeding initiated by any person, agency or other entity to acquire real property by condemnation shall tax the bill of costs prepared by the clerk against the condemner and shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for the owner's reasonable disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of condemnation proceedings, only if:
>
> (1) The final judgment is that the acquiring party cannot acquire the real property by condemnation; or
>
> (2) The proceeding is abandoned by the acquiring party.

Tenn. Code Ann. § 29-17-912 (2012). Although § 29-17-912(a)(2) provides that Rule 54.04 governs "the taxing of any additional costs[,]" § 29-17-912(b) provides that the

6

court may reimburse owners for "reasonable disbursements and expenses" that are actually incurred *only* if 1) the final judgment is that the party seeking to acquire the property cannot acquire it or 2) the acquiring party abandons the proceeding.

In this case, Mr. Fisher stated in his affidavit that the discretionary costs sought by Appellants are comprised of court reporter fees in the amount of $13,611.19 and fees paid to experts who testified at trial and/or were deposed in preparation for trial. Although Mr. Fisher did not specify those experts' fields of expertise in his affidavit, he stated that experts included Sam Reaves and Lee Davidson of the Reaves Firm.

This Court has addressed whether discretionary costs may be taxed against the State in an eminent domain proceeding on several occasions, and we consistently have held that they may not. *State v. Richardson Lumber Co.*, No. M2012–02092–COA–R3–CV, 2014 WL 1516478, at *8 (Tenn. Ct. App. April 16, 2014); *State v. Wallace*, No. M2004–00846–COA–R3–CV, 2005 WL 3487855, at *4 (Tenn. Ct. App. Dec. 20, 2005). In so holding, we have observed that Rule 54.04 does not waive the State's sovereign immunity and "'standing alone, does not expressly authorize assessment of discretionary costs against the State.'" *Richardson*, 2014 WL 1516478, at *8 (quoting *Wallace*, 2005 WL 3487855, at *3). We further have noted that Tennessee Code Annotated § 29-17-912(a) expressly authorizes only an assessment of the clerk's bill of costs against the State. *Id.* (quoting *Wallace*, 2005 WL 3487855, at *4). It does not expressly authorize an assessment of discretionary costs against the State. *Id*.

In their brief, Appellants submit that, because *Richardson Lumber* and *Wallace* are not reported cases, they "had no precedential value and the trial court was not 'bound' to follow them." Although our own unreported decisions are not binding precedent on this Court, they nevertheless are persuasive authority. *Fortune v. Unum Life Ins. Co. of America*, 360 S.W.3d 390, 398 (Tenn. Ct. App. 2010); *Brown v. Knox Cnty.*, 39 S.W.3d 585, 589 (Tenn. Ct. App. 2000) (citing *see Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 886 n.2 (Tenn. 1991)). Historically, moreover, "many outstanding opinions of our intermediate appellate courts [were] consigned to oblivion and much scholarly research [was] lost to the profession." *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 886 n.2 (Tenn. 1991). Today, although many "outstanding opinions" remain unpublished, the internet and on-line legal resources have rescued those opinions from oblivion.[1] Additionally, as the courts have noted in the context of dicta, "inferior courts are not free to disregard . . . the pronouncement of a superior court when it speaks directly on the matter before it, particularly when the superior court seeks to give guidance to the bench and bar." *Holder*

---

[1] We observe that, effective March 4, 2015, the Tennessee Supreme Court amended Rule 4(H) of the Tennessee Supreme Court Rules, deleting the requirement that a copy of any unpublished opinion cited by a party be attached to the document in which the case is cited. TN Order 15-0008 (Mar. 4, 2015). Rule 4(G)(2) of the Supreme Court Rules provides that reported opinions shall be considered controlling authority and Rule 4(G)(1) provides that unpublished opinions shall be considered persuasive authority.

*v. Tennessee Judicial Selection Comm'n*, 937 S.W.2d 877, 882 (Tenn. 1996); *Monday v. Thomas*, No. M2012–01357–COA–R3–CV, 2014 WL 1852958, at \*3 n.2 (Tenn. Ct. App. May 5, 2014).[2] "[T]rial courts must follow the directives of superior courts, particularly when the superior court has given definite expression to its views in a case after careful consideration." *Holder*, 937 S.W.2d at 881; *see also Adbur-Rahman v. Bredesen*, No. M2003-01767-COA-R3-CV, 2004 WL 2246227, at \*6 (Tenn. Ct. App. Oct. 6, 2004), *aff'd* 181 S.W.3d 292 (Tenn. 2005) (cert. denied 547 U.S. 1147, 126 S. Ct. 2288 (2006)) (holding: the lower courts must adhere to the Tennessee Supreme Court's decisions, regardless of whether those decisions are published.). Unpublished opinions of this court "shall be considered persuasive authority." Sup. Ct. Rule 4(G)(1). Accordingly, regardless of the precedential weight that our own unpublished opinions exert upon this Court,[3] to the extent that Appellants assert that the trial court erred by relying on *Richardson Lumber* and *Wallace* in this case, we must disagree.

As noted above, § 29-17-912(b) provides that, notwithstanding subsection 912(a), expenses actually incurred in a condemnation proceeding, including engineering and appraisal fees, may be assessed against the State only if: "(1) The final judgment is that the acquiring party cannot acquire the real property by condemnation; or (2) The proceeding is abandoned by the acquiring party." Thus, an assessment against the State for costs sought by Appellants in reimbursement of amounts paid to the Reaves Firm, a Memphis engineering and land planning firm whose employees apparently testified as expert witnesses, is not permitted where the final judgment was not that the State could not acquire the property or where the State did not abandon the proceeding. As the trial court observed, moreover, the section does not expressly authorize the assessment of costs generally permitted by Rule 54.04, including court reporter fees and expert witness fees, except as provided by subsection 912(b).

Rule 54.04 does not authorize an assessment of discretionary costs in contravention of the State's sovereign immunity. Further, § 29-17-912(a)(2) does not expressly authorize an assessment of expert witness and court reporter fees, the costs requested by Appellants in this case against the State.

---

[2]An unpublished opinion wherein the supreme court concurs in the lower court's result but does not explain its reasoning or analysis of the applicable law "has no precedential value except to the parties in the case[.]" *Fortune v. Unum Life Ins. Co. of America*, 360 S.W.3d 390, 398 (Tenn. Ct. App. 2010) (citing *Patton v. McHone*, 288 S.W.2d 608, 615 n.10 (Tenn. Ct. App. 1991)).

[3]We observe that this Court may overrule its own earlier opinions and that the sections of the Court have from time to time reached differing conclusions. See *Haynes v. Formac Stables, Inc.*, --- S.W.3d ---, 2015 WL 1408917, at \*4 (Tenn. Mar. 27, 2015) (noting that the Western Section and Middle Section of this Court differed from the Eastern Section with respect to the reporting requirements in a "whistleblower" claim).

We observe that the General Assembly amended Tennessee Code Annotated § 29-17-912 (formerly codified at § 29-17-812) in 2006, after our decision in *Wallace,* and did not legislatively overrule our holding or include language specifically authorizing an assessment of discretionary costs against the State. It is well-settled that the courts must presume that the General Assembly is aware of the state of the law when it enacts a statute. *E.g., Rodriguez v. State*, 437 S.W.3d 450, 453 (Tenn. 2014). Moreover, the General Assembly has had ample opportunity to amend the section since *Wallace* and *Richardson Lumber*, but has not done so. Accordingly, consistent with *Richardson Lumber* and *Wallace*, we hold that the trial court did not err by denying Appellants' motion for discretionary costs in this case. Discretionary costs are not expressly authorized by Tennessee Code Annotated § 29-17-912 and, under the doctrine of sovereign immunity, therefore may not be assessed against the State.

## Holding

In light of the foregoing, the judgment of the trial court is affirmed. Remaining issues are pretermitted as moot. Costs on appeal are taxed to the Appellants, Donald Bruce Anderson and Frances Anderson McDaniel, and their surety, for which execution may issue if necessary. This matter is remanded to the trial court for execution of the judgment, the collection of costs, and further proceedings as may be necessary and consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE

9